UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | NO. 2:16CR109-PPS |
|  | ) |  |
| MILTON LEROY HARVEY, JR., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

Defendant Milton Leroy Harvey, Jr. is charged with being a felon unlawfully in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). His prior felony is a 2001 conviction of possession with intent to distribute cocaine base, for which he was sentenced to a prison term of 57 months. Harvey moves to dismiss his indictment here, arguing that §922(g)(1) is unconstitutional as applied to him. The theory is that his right under the Second Amendment to bear arms is infringed by the criminalization of his possession of a weapon when his prior felony was a non-violent offense, and he has had no criminal offenses since other than a 2017 misdemeanor conviction for visiting a common nuisance. [DE 32 at 2.]

The Second Amendment guarantees "the individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). Even so, the Supreme Court in *Heller* recognized that the right is "not unlimited." *Id*. at 595. Among exceptions the *Heller* majority noted that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by

felons and the mentally ill...." *Id*. at 626.   That interpretation of *Heller*'s impact was reiterated two years later in *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010): "We made it clear in *Heller* that our ruling did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill,'....We repeat those reassurances here." (quoting *Heller*, 554 U.S. at 626.)

An argument similar to Harvey's has been rejected by the Seventh Circuit Court of Appeals.  In *United States v. Williams*, 616 F.3d 685 (7th Cir. 2010), citing *United States v. Skoien*, 614 F.3d 638, 641 (7th Cir. 2010) (en banc), the court "follow[ed] the en banc majority's holding that some categorical bans on firearm possession are constitutional." *Williams*, 616 F.3d at 692.  Nonetheless, the Court of Appeals held that establishing the constitutionality of the ban for convicted felons required the government to "demonstrat[e] that its objective is an important one and that its objective is advanced by means substantially related to that objective."  *Id*.  In *Williams*, the court found that the government's burden was satisfied.  The objective of "keep[ing] firearms out of the hands of violent felons" was sufficiently important, and was substantially related to defendant Williams' "own violent past."  *Id*. at 693.

Here Harvey seizes upon the *Williams* decision's suggestion that "§922(g)(1) may be subject to an overbreadth challenge at some point because of its disqualification of all felons, including those who are non-violent."  *Id*. at 693.  That may be so, but this is not a case in which I am receptive to an "as applied" challenge.  The Seventh Circuit has characterized its *Williams* decision broadly:  "We have already concluded that barring

2

felons from firearm possession is constitutional." *United States v. Yancey*, 621 F.3d 681, 684 (7th Cir. 2010)(citing *Williams*, 616 F.3d at 693-94.) In *Yancey*, a challenge to §922(g)(3)'s categorical ban for unlawful drug users, the Seventh Circuit had this to say about prohibitions on gun possession by non-violent criminals:

> As we've explained in a different context, most felons are nonviolent, but someone with a felony conviction in his record is more likely than a nonfelon to engage in illegal and violent gun use. *United States v. Lane*, 252 F.3d 905, 906 (7th Cir. 2001). Thus while felon-in-possession laws could be criticized as "wildly overinclusive" for encompassing nonviolent offenders, every state court in the modern era to consider the propriety of disarming felons under analogous state constitutional provisions has concluded that step to pe permissible. Adam Winkler, *Scrutinizing the Second Amendment*, 105 MICH. L.REV. 683, 721 (2007).

*Yancey*, 621 F.3d at 685.

Harvey cites a single Court of Appeals decision (by a fractured Third Circuit sitting *en banc*) holding that the Second Amendment precluded application of §922(g)(1) to two individuals whose prior felonies were not serious enough to support stripping their Second Amendment rights. *Binderup v. Attorney General*, 836 F.3d 336 (3rd Cir. 2016). The *Binderup* decision notes that the Third Circuit "stand[s] entirely alone" in upholding an as-applied challenge to §922(g)(1). *Binderup*, 836 F.3d at 387. But even *Binderup* cited with approval that court's previous rejection of a similar constitutional challenge by a man with "prior convictions for possession of cocaine with intent to distribute and for receipt of a stolen firearm" which the court found were "'closely related to violent crime.'" *Id*. at 346 (*quoting United States v. Barton*, 633 F.3d 168, 174 (3rd Cir. 2011)).

3

"Whatever the pedigree of the rule against even nonviolent felons possessing weapons (which was codified in federal law in 1938), most scholars of the Second Amendment agree that the right to bear arms was tied to the concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens.'" *Yancey*, 621 F.3d at 684-85. The prevalence of gun-related violence in the drug trade is a well established reality that provides a substantial and supportive connection between §922(g)(1)'s categorical application to those convicted of drug felonies and the congressional objective of reducing gun violence. *Smith v. United States*, 508 U.S. 223, 240 (1993) (noting congressional awareness "that drugs and guns are a dangerous combination"); *United States v. Dickerson*, 705 F.3d 683, 689 (7th Cir. 2013) (noting congressional concern "that the combined presence of firearms and drugs increases the likelihood of violence").

Harvey's case is hardly analogous to the plaintiff in *Hatfield v. Sessions*, a case on which he relies. Earlier this year, Hatfield persuaded Judge Gilbert of the Southern District of Illinois that §922(g)(1) could not be constitutionally applied to him, "a non-violent felon who received no prison time for his offense." *Hatfield v. Sessions*, No. 3:16-cv-00383-JPG-RJD, 2018 U.S. Dist. LEXIS 70431, at *25 (S.D. Ill. Apr. 26, 2018).[1] Hatfield's felony was a violation of 18 U.S.C. §1001(a) by making a false statement to the Railroad Retirement Board about being unemployed (by which he wrongfully obtained

---

[1] I note that the *Hatfield* decision is not final. The time for the government to file a notice of appeal has not yet expired.

4

$1,627.73). *Id*. at *2. Although the statute carried a five-year statutory maximum term of imprisonment, Hatfield was sentenced to three years of probation and restitution, based on the government's recommendation pursuant to a plea agreement. *Id*. at *3. In the 30 years since, Hatfield was squeaky clean. Harvey, by contrast, has a serious prior drug felony for which he received a substantial prison sentence. Since serving that sentence, Harvey was convicted in 2017 of a misdemeanor for visiting a common nuisance. Harvey's and Hatfield's criminal histories are not analogous.

Another district judge within our circuit has ruled against the plaintiff in a *Bivens* action similar to *Hatfield*. In *Kanter v. Sessions*, No 16-C-1121, 2017 U.S. Dist. LEXIS 213181 (E.D. Wisc. Dec. 29, 2017), Judge Griesbach sided with the government and found that the gun ban of §922(g)(1) did not violate the Second Amendment rights of Mr. Kanter, "a non-violent person with no violent criminal history," who had pled guilty to one count of mail fraud, been sentenced to twelve months and a day, and ordered to pay a $50,000 fine. Beyond our circuit, with the exception of the Third Circuit, the Courts of Appeals have rejected challenges to the application of §922(g)(1) on Second Amendment grounds. *See*, *e.g.*, *United States v. Pruess*, 703 F.3d 242, 245 (5th Cir. 2012); *United States v. Torres-Rosario*, 658 F.3d 110, 113 (1st Cir. 2011); *United States v. Vongxay*, 594 F.3d 1111, 1114-18 (9th Cir. 2010); *United States v. Rozier*, 598 F.3d 768, 770-71 (11th Cir. 2010) (per curiam).

### Conclusion

I am not persuaded that the application of §922(g)(1) to Milton Leroy Harvey, Jr., a convicted felon with a serious drug trafficking conviction for which he received 57 months in prison, violates the Second Amendment. Harvey's motion to dismiss will be denied.

ACCORDINGLY:

Defendant Milton Leroy Harvey, Jr.'s motion to dismiss the indictment [DE 31] is DENIED.

SO ORDERED.

ENTERED: June 11, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT