UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |  | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | No. 2:16CR109-PPS | |
| | ) | | |
| MILTON LEROY HARVEY, JR., | ) | | |
| | ) | | |
| Defendant. | ) | | |

## OPINION AND ORDER

More than five years ago, on August 17, 2016, a federal grand jury charged Milton Leroy Harvey, Jr. with the offense of unlawful possession of a firearm as a felon, in violation of 18 U.S.C. §922(g)(1). [DE 1.] The proceedings have been protracted for a number of reasons. It took a year to arrest Mr. Harvey [DE 7]; two motions to suppress and a motion to dismiss had to be litigated [DE 30, 39 and 70]; Harvey pleaded guilty and then withdrew his plea because the Supreme Court decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019); COVID-19 led to several delays; and finally two trials — one in August 2021 and another in October 2021 — resulted in mistrials because the jury in each case was unable to arrive at a verdict. [DE 134, 163.] Harvey is released on bond pending trial. [DE 10.] The matter is set for a third trial to begin on May 16, 2022. [DE 175.]

Harvey again seeks dismissal of the indictment, this time on the grounds that subjecting him to a third trial is fundamentally unfair. He argues that I should exercise my "inherent authority" to dismiss the case in order to safeguard fundamental fairness

in the criminal process. [DE 176.]  Harvey acknowledges that "[i]t is well established that the double jeopardy clause of the United States Constitution does not prohibit the retrial of [a] defendant when a prior prosecution for the same offense has ended with a mistrial due to the inability of the jury to agree on the verdict," citing *United States v. Perez*, 22 U.S. 579, 580 (1824). [DE 177 at 4.]  *See also United States v. Warren*, 593 F.3d 540, 544-545 (7th Cir. 2010).  Indeed, the principle is reflected in Rule 31(b)(3) of the Federal Rules of Criminal Procedure:  "If the jury cannot agree on a verdict on one or more counts, the court may declare a mistrial on those counts.  The government may retry any defendant on any count on which the jury could not agree."

But Harvey nevertheless argues that fundamental fairness warrants the court using its inherent authority to dismiss the indictment against him and preclude a third trial.  He quotes principles that underlie the doctrine of double jeopardy:

> the State with all it resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility even though innocent he may be found guilty.

*Green v. United States*, 355 U.S. 184, 187-88 (1957).  [DE 177 at 4.]  But as *Green* notes, the doctrine of double jeopardy supported by these principles provides that an "*acquittal* is final, ending a defendant's jeopardy" and "is a bar to subsequent prosecution for the same offense."  *Id.* at 188 (emphasis added).  Although I am not unsympathetic to the toll the lengthy proceedings has likely taken on Harvey, and particularly the stress associated with each of the prior trials, I am not persuaded that it would be appropriate for me to dismiss the indictment on the strength of principles that generally are not

2

applied to bar a retrial after a hung jury. "Unlike the situation in which the trial has ended in an acquittal or conviction, retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused." *Arizona v. Washington*, 434 U.S. 497, 505 (1978).

In support of his motion, Harvey cites decisions of federal district courts and of state courts approving a trial court's dismissal of an indictment after repeated trials ending in mistrials due to the jury's inability to reach a verdict. [DE 177 at 6-7.] But as the government points out in opposition, no federal appeals court has approved such an exercise by a district court, and two have held to the contrary. In *United States v. Miller*, 4 F.3d 792, 795 (9th Cir. 1993), the Ninth Circuit held that "dismissal based on the unfairness of retrying counts on which the government did not get a majority or more votes is an improper exercise of the court's supervisory power." More recently, the Third Circuit in *United States v. Wright*, 913 F.3d 364 (3rd Cir. 2019), observed that nothing in Rule 31(b)(3) or its commentary "provides or even suggests a limit on the number of retrials [the Government] may conduct." *Id*. at 371.

The Ninth Circuit rejected the district court's invocation of its inherent authority to dismiss an indictment based on "its own notions about the unfairness of requiring a defendant to face a retrial" after a jury was unable to reach a verdict. *Id*. at 372. Instead, the court held that "[u]nless there is some constitutional basis, such as a due process violation, it makes sense to limit a court's authority to bar retrial to instances of prosecutorial misconduct and prejudice." *Id*. The Ninth Circuit also noted that "there is no prejudice to a defendant simply because he faces the anxiety and the normal stress

3

of undergoing a trial." *Id*. Harvey "concedes that the government committed no acts that would be considered inappropriate or constitute misconduct during the course of the two trials" he has had. [DE 181 at 1.]

Harvey contends instead that he suffers prejudice from repeated trials because "the government now has total knowledge of defendant's defense strategy and is able to modify its case to overcome the original weaknesses." [DE 181 at 1-2.] But the opposite is equally true – the defense is now familiar with the government's presentation of its case during two previous trials. And both parties are free to modify their approach during a subsequent trial in an effort to more effectively present their positions or counter the opposition's. If Harvey's concern about the government's opportunity to bolster its case was a sufficient objection to another trial, it would overcome the policy expressed in Rule 31(b)(3). The argument is unpersuasive.

An additional consideration is respect for the separation of powers on which our system of government is framed. The Supreme Court has observed that the Executive Branch has "broad discretion as to whom to prosecute," and that discretion "is particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607-08 (1985). We hope that the U.S. Attorney exercises that discretion wisely. But it's not for me to second-guess his decision to retry a case following a mistrial, unless, of course, the constitution has been violated. *Wright*, 913 F.3d at 374, citing *Unites States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 129, 137-38 (2nd Cir. 2017).

Because Milton Leroy Harvey fails to demonstrate any constitutional basis for dismissal of the indictment, or that prosecutorial misconduct and resulting prejudice

warrant such a dismissal, I decline to exercise any inherent authority to bar a retrial of the charge against Harvey. The motion to dismiss the superseding indictment will be denied.

**ACCORDINGLY:**

Defendant Harvey's Motion to Dismiss Superseding Indictment [DE 176] is DENIED.

**SO ORDERED.**

**ENTERED: April 25, 2022.**

<u>**/s/ Philip P. Simon**</u>
**UNITED STATES DISTRICT JUDGE**